sequently it is not good as a ground of exception to the judgment granting a new trial.

2. The general rule touching the first grant of a new trial applies to this case.　　　　　　　　　　　　　　　*Judgment affirmed.*

April 16, 1894.　Argued at the last term.

Trover. Before Judge GAMBLE. Macon superior court. November term, 1892.

J. W. HAYGOOD and S. A. REID, for plaintiff in error.
E. F. HINTON, J. A. HIXON and E. H. CUTTS, *contra.*

---

BAILEY *et al. v.* THORNTON.

Where, during the term at which a case was tried, a motion for a new trial, with an unapproved brief of evidence attached, was handed to the judge, who in open court approved the grounds of the motion, granted a rule *nisi,* which was duly served, and also passed an order setting the hearing of the motion at a future time and allowing movant until then to have the brief of evidence approved, which was afterwards done, and the motion, after being several times continued, was finally heard on the merits, counsel for both sides appearing, and there being no motion to dismiss, the court reserving its decision and giving respondent's counsel leave to file an additional brief upon a question of law involved, it was error in the court, upon a mere suggestion contained in this brief, to dismiss the motion simply because it and the brief of evidence were not marked filed in office by the clerk. Under the facts stated, the actual filing in the clerk's office was waived, and the motion should have been decided on its merits. *Cook* v. *Childers,* this term, *ante.*　　　　　　　　　　*Judgment reversed.*

April 30, 1894.　Argued at the last term.

Motion for new trial. Before Judge SMITH. Wilcox superior court. March term, 1893.

W. L. GRICE and E. H. WILLIAMS, for plaintiffs in error.
BUSBEE & CRUM, *contra.*

---

GARY *v.* THE STATE.

1. Where during the term at which a case was tried and a motion for a new trial filed, an order was passed setting the hearing during an adjourned term to be held thereafter, the order further pro-

viding that if the motion was not then heard it should be heard at such time and place as the presiding judge might fix after five days notice to the parties, and the adjourned term not having been held, and no time having been fixed by the judge, it was error at the next regular term of the court to dismiss the motion on the ground " that it was not sooner heard."

2. That the rule *nisi* for a new trial in a criminal case calls on the State of Georgia to show cause, etc., instead of calling upon the solicitor-general, is no ground for dismissing the motion. The State is the proper respondent to such a rule.

June 4, 1894.                                    *Judgment reversed.*

Motion for a new trial. Before Judge McWhorter. Hart superior court. March term, 1894.

W. L. Hodges and A. G. McCurry, for plaintiff in error.

---

Laslie *et al. v.* Laslie *et al.*

On the same day upon which a case was tried, a motion for a new trial was made out and presented to the judge, who granted a rule *nisi*, which was immediately served. At the same time a consent order was passed continuing the hearing of the motion to a future day in vacation, the order providing that a brief of evidence should be submitted to respondent's counsel within twenty days and that the brief of evidence be approved at the hearing. The brief was submitted to respondent's counsel within the time prescribed by the order. On the day first appointed for the hearing of the motion, and at various times thereafter, orders were passed continuing the hearing, each order providing that the brief of evidence should be corrected and approved at the hearing. The last of these orders fixed January 22, 1891, as the time for the hearing. On that day the hearing was by a consent order again continued until March 20, 1891, " under same terms as previous orders." On the day last named, it was ordered that the motion be continued until the February adjourned term of the superior court, to be held the first Monday in May, " for the correction and approval of the brief of evidence in said case and for the hearing of said motion for new trial." During that term the brief of evidence was "agreed to" in writing by counsel for both sides and the judge, all of whom signed the written agreement; the motion was argued on the merits, and the judge reserved his decision, no motion to dismiss the motion for a new trial having been made. This judge went out of office without rendering a decision, and his successor after-